Turley, J.
delivered the opinion of the court.
This is an action of replevin brought by the plaintiff against the defendant for a two horse carriage. On the trial it ap *698 peared, that the defendant had sold and delivered the carriage to the plaintiff in consideration of -an assignment by the plaintiff to him of a right to make and vend patent washing machines in certain counties in the State, of Mississippi, which patent was granted to one William Newborn.
It was on the 31st of December, 1846, that Applewhite sold the carriage to Allen, and executed to him a bill of sale for the same, and on the same day Allen assigned to him the right to vend the patent washing machines in Mississippi: after this contract was thus executed by the delivery of the carriage and the assignment of the right to vend the machines, Apple-white becoming dissatisfied with the contract, took forcible possession of the carriage from the plaintiff, Allen, who thereupon replevied the same under the provisions of the act entitled a bill to regulate proceedings in the action of replevin, passed in 1846, chap. 65. Upon the trial in the circuit court, there was a verdict and judgment for plaintiff from which the defendant appeals to this court.
Pending the proceedings in the circuit court the defendant moved the court to quash the writ for want of a sufficient affidavit to support it under the statute, which the court refused to do, but permitted the plaintiff to amend the affidavit, and this is assigned for error.
We think the court committed no error in permitting this amendment; but that the same was well warranted under the very general provisions of the act of 1809, ch. 49, sec. 21, as also under the provision of the 4th section of the act of 1846, ch. 65, which provides that the court shall'have power to remedy any defects in the bond required to be executed by the plaintiff by making such order as it may think proper; and also that “it shall have power to make such other orders as may be considered expedient to secure the rights of the plaintiff or defendant.”
*699 Upon the trial, the circuit judge charged the jury “that to entitle the plaintiff to recover he must prove a sale and delivery of the property to him, that he must have the right of property and the right of possession át the time of the commencement of this suit, that a failure of consideration would avoid a contract; but that when a consideration had passed, though such a consideration might not be commensurable in value with the article purchased, yet if the contract was made in good faith, it was binding and valid; that the law never presumed fraud; that the party seeking to avail himself of fraud must prove it, as also a failure of consideration; that the contract as proven showed a sufficient consideration, and that it was incumbent upon the defendant, if such was the fact to show that the consideration had failed, and that the transaction was fraudulent.”
This charge is accepted to, but we think without just cause on the part of the defendant; if there be any error in it, it is ei'rorin favor of the defendant; and consists in that portion of it which instructs the jury that a failure of consideration would avoid a contract; and there is no error in this as an abstract proposition, for it is strictly true as to executory contracts, but it is not so as to executed contracts, for in such case, if the consideration fail, the party is left to his remedy by action, and cannot redress himself by regaining the possession of his property by violence or otherwise, except by the consent of the opposite party; and- therefore if by this charge it was intended that the jury should find for the defendant, provided that, the consideration paid for the carriage had failed, in their opinion, it was clearly erroneous, for the judge had before said to them that unless the plaintiff had the right of property and right of possession at the time of the commencement of suit, he could not recover, in which he was clearly right, and which the plaintiff could not have had unless the contract for the carriage had been executed by delivery.
*700 But it is contended that when the judge said to the jury “that the contract as proved, -showed a sufficient consideration” he was charging upon the facts, and therefore he erred.
We do not think so; because what is a good and sufficient consideration is a question of law; whether it has been paid or not is a question of fact. When' the judge then said that the contract as proven showed a good and sufficient consideration, he .did not mean to tell the jury that the contract was established by the proof, but merely that the consideration which was" proven to have been paid for the carriage, to wit, the assignment of the right to vend the washing machines in the state of Mississippi, was a good and .sufficient consideration, which it was.
But, moreover, even if this charge were erroneous, it would not vitiate the judgment, for the reason before given, that this is an executed contract, and a failure of consideration would not vitiate it, and there would therefore be nothing for such erroneous charge to operate upon.
Let the judgment of the circuit court be affirmed.